IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD CREED

      Plaintiff,

v.

SPS TECHNOLOGIES, LLC

      Defendant.

NO.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Gerald Creed files this Complaint against Defendant SPS Technologies, LLC, and in support thereof avers as follows:

### Jurisdiction and Venue

1. This Court has original jurisdiction over Counts I and II of this Complaint pursuant to 28 U. S. C. §1331, which are based upon a law of the United States of America, the Age Discrimination in Employment Act, 29 U.S.C. §621 ("ADEA").

2. Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and a substantial part of the events giving rise to the claim occurred in this District.

3. The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

4. Plaintiff has complied with the applicable administrative remedies by first filing Charges with the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge no. 530-2013-00651 (*See* Exhibit "A") and simultaneously filing a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), (Case no. not yet

assigned), and then waiting the necessary period of time to file the ADEA claims raised herein.

5. Plaintiff intends to amend this Complaint and assert causes of action for retaliation for engaging in protected activity in violation of the "participation clause," which prohibits retaliation because the employee testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADA"); and the Pennsylvania Human Relations Act, 43 P. S. § 955(a), ("PHRA"); and for age discrimination under the PHRA, upon receipt of applicable authority from the EEOC and PHRC.

## Parties

6. Plaintiff Gerald Creed ("Creed") resides at 1740 Hood Lane Maple Glen, PA 19002.

7. Defendant SPS Technologies, LLC ("SPS") is a manufacturer of engineered fasteners, fastening systems, metal components and assemblies for the aerospace, rail, racing, and other industries. SPS is a multi-national company with annual revenue in excess of $1.5 billion. SPS maintains a principal place of business in the Commonwealth of Pennsylvania at 301 Highland Avenue, Jenkintown, PA 19046.

8. At all times relevant hereto, Defendant SPS was acting through its agents, servants and employees, who were acting within the scope of their authority, in the course of their employment and under the direct control of Defendant.

## Factual Background

9. Plaintiff Creed is a 61 year-old male.

10. In the year 1978, Plaintiff Creed began working for Defendant SPS in Jenkintown, Pennsylvania.

11. Plaintiff Creed worked for Defendant SPS in multiple Human Resources positions for 34 consecutive years until October 31, 2012, when SPS terminated Creed's employment.

12. During his career, Plaintiff Creed had a good performance record.

13. Plaintiff Creed's last job title was Training Specialist.

14. As of the year 2012, Plaintiff Creed earned an annual salary of approximately $90,000.00, plus a bonus and a comprehensive benefit package, including health insurance benefits, and a retirement pension benefit.

15. Defendant SPS's retirement pension benefit for which Plaintiff Creed is eligible has a contribution formula which increases the amount of the benefit based upon an employee's age, years of service and earnings.

16. On October 31, 2012, Plaintiff Creed was called to a meeting with Dan Dohar, Vice President Human Resources, and Bridgette Drelling, Director of Human Resources, and advised that his employment was terminated, effective immediately.

17. Plaintiff Creed was advised that the decision to terminate his employment was made because his name was "associated" with two cases in which civil litigation had been filed against Defendant SPS in the past.

18. The two civil cases to which Defendant SPS was referring were *Zielinski v. SPS Technologies, LLC*, E. D. Pa. no. 10-cv-3106 ("*Zielinski*") and *Burke v. SPS Technologies, LLC*, E. D. Pa. no. 11-cv-07718 ("*Burke*").

19. In *Zielinski*, a former SPS employee brought claims of national origin discrimination and retaliation in violation of Title VII and the PHRA.

20. In *Burke,* a former SPS employee brought claims of age discrimination in violation of the ADEA and PHRA; disability discrimination in violation of the ADA and the PHRA; and a claim under Pennsylvania common law for wrongful termination of employment for pursuit of workers' compensation claims in violation of *Shick v. Shirey*, 716 A.2d 1231 (Pa. 1998).

21. Plaintiff Creed was not the decision-making manager with regard to any decisions concerning the employees who were Plaintiffs in *Zielinski* and *Burke*.

22. In *Zielinski*, Plaintiff Creed had limited input in the decision to terminate the employee; the decisions were ultimately made by high ranking SPS managers.

23. In *Burke*, Plaintiff Creed had no involvement in the decision to terminate the employee.

24. At all times when Plaintiff Creed was questioned in legal proceedings regarding the facts and circumstances surrounding *Zielinski* and *Burke*, Creed testified truthfully.

25. Other than Plaintiff Creed, no other SPS employee who was involved in any investigation or decision regarding the employees who were Plaintiffs in *Zielinski* and *Burke*, the decision to terminate the employees, or who testified under oath in *Zielinski* and *Burke,* had their employment terminated by Defendant SPS.

4

26. The other SPS's employees who were involved in any investigation or decision regarding the employees who were Plaintiffs in *Zielinski* and *Burke*, the decision to terminate the employees, or who testified under oath in *Zielinski* and *Burke* are substantially younger than Plaintiff Creed.

27. At no time prior to October 31, 2012, did Defendant SPS ever advise Plaintiff Creed that the manner in which he handled any issue pertaining to the two employees in *Zielinski* and *Burke* was deficient.

28. At no time prior to October 31, 2012, did Defendant SPS ever advise Plaintiff Creed that the testimony under oath he provided in *Zielinski* and *Burke* was problematic in any regard.

29. Defendant SPS's proffered reason for the termination of Plaintiff Creed's employment is pretextual.

30. Immediately after Plaintiff Creed's employment was terminated, Creed was replaced and had his former duties assumed by a substantially younger female, Pam Michener ("Michener"), who is approximately 32 years of age. Michener assumed all of Creed's duties.

31. In terminating Plaintiff Creed's employment Defendant SPS was motivated by a continuing desire to terminate "older employees" employed at SPS's Jenkintown facility and replace the "older employees" with a substantially younger employees.

32. Defendant SPS has exhibited a pattern and practice of terminating older employees and subsequently hiring substantially younger employees at SPS's Jenkintown facility.

33. As consequence of Defendant SPS's unlawful conduct, Plaintiff Creed has suffered significant financial losses, substantial pain and suffering, loss of self-esteem and other damages.

## COUNT I

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

### 29 U. S. C. §621 et. seq.

34. Paragraphs 1 to 33 are incorporated herein by reference, as if set forth in full.

35. Plaintiff Creed is sixty one years of age.

36. Plaintiff Creed is qualified for numerous Human Resources positions at Defendant SPS including the Training Specialist Position which he held when he was last employed by SPS.

37. Plaintiff Creed suffered an adverse employment decision in that Defendant SPS terminated his employment.

38. Plaintiff Creed's replacement is substantially younger than Creed.

39. Plaintiff Creed was treated differently than substantially younger similarly situated employees.

40. Defendant SPS has failed to articulate a legitimate, non-discriminatory reason for the termination of Plaintiff Creed's employment.

41. Even if Defendant SPS has articulated a legitimate, non-discriminatory reason for the termination of Plaintiff Creed's employment, SPS's articulated reason is a mere pretext for discrimination.

42. Defendant SPS's decision to terminate Plaintiff Creed's employment was arbitrary and capricious, and based upon a discriminatory animus towards older employees in the workplace.

43. As a direct result of the aforesaid conduct, Plaintiff Creed has sustained permanent and irreparable harm.

WHEREFORE, Plaintiff Gerald Creed requests that this Court enter judgment in his favor and against Defendant SPS Technologies, LLC, and that this Court award Plaintiff all damages available under the Age Discrimination in Employment Act, including monetary damages exceeding $150,000.00, in the form of all compensation and monetary losses, which Plaintiff has been denied, including back pay, front pay and prejudgment interest; reinstatement; ADEA liquidated damages; reasonable attorneys' fees; expert witness fees; costs; and any other relief which the court deems appropriate.

## COUNT II

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

### 29 U. S. C. § 626(d)

### RETALIATION - "PARTICIPATION CLAUSE"

44. Paragraphs 1 through 43 are incorporated herein by reference as though set forth in full.

45. Plaintiff Creed testified, assisted, and participated in an investigation and proceeding under the ADEA.

46. Plaintiff Creed's testimony, assistance and participation in an investigation and proceeding under the ADEA constitutes protected activity under the ADEA.

47. Defendant SPS took an adverse employment action after Plaintiff Creed's participation in protected activity.

48. Defendant SPS has admitted Plaintiff Creed was terminated because his name was "associated" with two cases in which civil litigation had been filed against SPS.

49. Defendant SPS's actions violate the anti-retaliation provision of the ADEA which prohibits retaliation because an employee testified, assisted, or participated in any manner in an investigation, proceeding or hearing under the ADEA.

50. There is a causal link between Plaintiff Creed's protected conduct and the termination of Creed's employment.

51. As a direct result of the aforesaid unlawful retaliation, Plaintiff Creed has sustained permanent and irreparable harm.

WHEREFORE, Plaintiff Gerald Creed requests that this Court enter judgment in his favor and against Defendant SPS Technologies, LLC, and that this Court award Plaintiff all damages available under the Age Discrimination in Employment Act for retaliation, including monetary damages exceeding $150,000.00, in the form of all compensation and monetary losses, which Plaintiff has been denied, including back pay, front pay and prejudgment interest; reinstatement; ADEA liquidated damages; reasonable attorneys' fees; expert witness fees; costs; and any other relief which the court deems appropriate.

 

_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742

Attorney for Plaintiff Gerald Creed

Dated: February 7, 2013

# EXHIBIT "A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before

| AGENCY | CHARGE NUMBER |
|---|---|
| [ ] FEPA  [X] EEOC | 530-2013-00651 |

Pennsylvania Human Relations Commission and EEOC
*State or local Agency, if any*

S.S. No. XXXXXXXXX

**NAME** *(Indicate Mr., Ms., Mrs.)*
Gerald Creed

**HOME TELEPHONE** *(Include Area Code)*
267-470-4742 (my attorney, Andrew S. Abramson)

**STREET ADDRESS**
1740 Hood Lane

**CITY, STATE AND ZIP CODE**
Maple Glen, Pa 19002

**DATE OF BIRTH**
8-14-1951

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** *(If more than one list below.)*

| NAME | NUMBER EMPLOYEES | TELEPHONE *(Include Area Code)* |
|---|---|---|
| SPS Technologies | 5000+ | 215-572-3000 |

**STREET ADDRESS**: 301 Highland Avenue
**CITY, STATE AND ZIP CODE**: Jenkintown, PA 19046
**COUNTY**: Montgomery

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box(es))*

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] AGE
[X] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER *(Specify)*

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)    LATEST (ALL)
                       10-31-2012

[ ] CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s))*:

See Attachment "A."

RECEIVED - EEOC
PHILADELPHIA D.O.
2012 NOV 30 P 4:28

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the foregoing is true and correct.

Date: 11-29-12   Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

## ATTACHMENT "A"

Charging Party Gerald Creed ("Creed") is a 61 year-old male. In the year 1978, Creed began working for Respondent SPS Technologies, LLC ("SPS") in Jenkintown, Pennsylvania. SPS manufactures fastening systems, metal components, and assemblies for the aerospace industry. Creed worked for Respondent SPS in various Human Resources positions for 34 consecutive years until October 31, 2012, when SPS terminated Creed's employment.

During his career, Creed had a good performance record. Creed's last job title was Training Specialist. As of the year 2012, Creed earned an annual salary of approximately $90,000.00, plus a bonus and a comprehensive benefit package, including health insurance benefits, and a retirement pension benefit contribution formula which increases based upon an employee's age, years of service and earnings.

On October 31, 2012, Creed was called to a meeting with Dan Dohar, Vice President Human Resources, and Bridgette Drelling, Director of Human Resources, and advised that his employment was terminated, effective immediately, because Creed's name was "associated" with two cases in which civil litigation had been filed against SPS in the past. The two cases to which SPS was referring were cases in which the employees brought claims of national origin discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e-2 ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §955(a) ("PHRA"); age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 ("ADEA") and the PHRA; and disability discrimination in violation of the Americans with Disabilities Act 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADA") and the PHRA. At all times when Creed was questioned in legal proceedings regarding the facts and circumstances surrounding the two cases, Creed testified truthfully.

Immediately after Creed's employment was terminated, Creed was replaced by a substantially younger female, Pam (last name unknown), who is less than 40 years old. "Pam" assumed all of Creed's duties.

As to the two cases which Respondent SPS referenced in which Creed's name was "associated," Creed was not the decision-making manager. In one case, Creed had no involvement in the decision to terminate the employee, and in the other, Creed had limited input; the decisions were ultimately made by high ranking SPS managers. Further, as to the two employee cases, no other SPS employee who was involved in the decision to terminate the employees, or any investigation leading to a termination, even those who were far higher ranking than Creed, had their employment terminated by SPS.

RECEIVED - EEOC
PHILADELPHIA D.O.
NOV 30 P 4:29

SPS's proffered reason for the termination of Creed's employment is pretextual. Instead, SPS was motivated by a continuing desire to terminate "older employees" employed at SPS's Jenkintown facility and replace the employee with a substantially younger person; and unlawful retaliation for engaging in protected activity violating the "participation clause," which prohibits retaliation because the employee testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII the ADEA, the ADA or the PHRA.

Thus, in terminating Creed's employment, Respondent SPS has discriminated against Creed based upon his age in violation of the ADEA and the PHRA, and unlawfully retaliated against Creed.

RECEIVED - EEOC
PHILADELPHIA, D.O.
2012 NOV 30 P 4: 29